FILED
2018 Dec-28 PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| VAUGHN JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 4:17-cv-1882-LCB-JHE |
| | ) |
| DHS IMMIGRATION AND | ) |
| CUSTOMS ENFORCEMENT, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On February 16, 2018, the magistrate judge entered a report in which he recommended that the Court dismiss with prejudice petitioner Vaughn Johnson's 28 U.S.C. 2241 petition for writ of habeas corpus. (Doc. 28). The magistrate judge stated that "the court lacks jurisdiction over [Mr. Johnson's] citizenship claim and [Mr. Johnson] cannot state a *Zadvydas* claim at this time." (Doc. 28, p. 1). The magistrate judge advised the parties of their right to file objections within 14 days. (Doc. 28, p. 5). On February 23, 2018, Mr. Johnson filed objections to the report and recommendation. (Doc. 29).[1]

---

[1] After filing his objections, Mr. Johnson filed numerous additional motions with the Court. On March 26, 2018, Mr. Johnson filed a motion to incorporate findings of fact and to enter relevant exhibits into petitioner's evidence. (Doc. 30). On March 28, 2018, Mr. Johnson filed a motion to incorporate material point and substantial evidence supporting jurisdictional merits. (Doc. 31). On April 11, 2018, Mr. Johnson filed a document titled "Emergency Motion for Civil Action to Amend/Update Accurate Records, Money Damages and for Erroneous Inter-

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093,

---

Agencies Influence Egregious False Misleading Inaccurate Records Adverse Interference Errors and Misconduct Violations." (Doc. 32). On April 18, 2018, Mr. Johnson filed a document titled "Amend/Correct Nunc Pro Tunc Filing as Separate Motion for Civil Action to Invoke Amend/Update Accurate Records, Money Damages and for Erroneous Inter-Agencies Influence Egregious False Misleading Inaccurate Records Adverse Interference Errors and Misconduct Violations Injury Impact." (Doc. 33). On May 15, 2018, Mr. Johnson filed motion for leave to enter related exhibits into evidence. (Doc. 34). On July 13, 2018, Mr. Johnson filed an emergency complaint. (Doc. 36). On July 16, 2018, Mr. Johnson filed a motion to amend. (Doc. 37). On August 15, 2018, Mr. Johnson filed a motion for addendum (Doc. 38), and a motion to take judicial notice. (Doc. 39). On December 10, 2018, Mr. Johnson filed a document entitled "motion for order to incorporate bill of rights, constitutional, non-detention act, privacy act first, fourth, fifth, fourteenth amendment procedural safeguard equal protection due process clause crisis concerns violations." (Doc. 50). On December 14, 2018, Mr. Johnson filed a document titled "motion for leave to file Instant Addendum Order to Take Judicial Notice for Relief to Incorporate Substantive Prejudice into of Petitioner's Complaint." (Doc. 54). On December 18, 2018, Mr. Johnson filed a motion for leave to file an emergency motion to supplement in opposition to the respondent's December 11, 2018, response and a document titled "motion to take judicial notice of new Supreme Court and the BIA precedent cases applicable affects in this case." (Doc. 56). Finally, on December 21, 2018, Johnson filed a "motion for leave to file emergency colorable delay of justice complaint." (Doc. 57). The Court has reviewed these filings. They do not address the dispositive issue of jurisdiction beyond what Mr. Johnson presented to the Court in his February 23, 2018 objections. Consequently, the Court denies these motions as moot.

1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. Johnson begins his objections with a reproduction of a portion of the magistrate judge's report in which the magistrate judge concluded the Court lacks jurisdiction to review the determination regarding Mr. Johnson's citizenship and that Mr. Johnson's detention is authorized by 8 U.S.C. § 1231 and is within constitutional limits. (Doc. 29, pp. 1-3; *compare* Doc. 28, pp. 1-3). Mr. Johnson then provides a section that he titles "Factual Relevant Background fact is corroborated with documentary evidence in this Case." (Doc. 29, pp. 3-6). In this section of his objections, Mr. Johnson alleges he was born in Alabama, but his birth was never registered. (Doc. 29, p. 3). He then asserts that in March 2010, he was detained for questioning regarding possible wire fraud. (Doc. 29, p. 3). After this detention and questioning, Mr. Johnson alleges that detectives filed charges against him and began examining his citizenship. (Doc. 29, pp. 3-4). Mr. Johnson states that there was confusion between his identity (born in Alabama, grew up mostly in Florida) and that of his mother's adopted son who was born in England,

but who grew up in the Bahamas. (Doc. 29, p. 4). According to Mr. Johnson, the detective was "not satisfied" and "became convinced" that Mr. Johnson was not a United States citizen. (Doc. 29, p. 4). Mr. Johnson contends that authorities determined his true identity (Vaughn Johnson, born in Alabama) and, through his fingerprints, learned he also had used another name, Casey Oliver Joseph, and had fraudulently obtained a passport in 2000 in Florida. (Doc. 29, p. 4). A federal grand jury indicted Mr. Johnson for making a false statement on a passport application. (Doc. 29, p. 5). Mr. Johnson pleaded guilty to the charge in June 2011. (Doc. 29, p. 5).

Mr. Johnson explains that on May 18, 2011, an ICE officer issued an immigration detainer in the name of "Juan Antonio Johnson, aka Casey Oliver Johnson, aka Vaughn Juan Johnson also known as Vaughn Johnson." (Doc. 29, p. 5). Mr. Johnson alleges that his attorney challenged the detainer based on Mr. Johnson's United States citizenship. (Doc. 29, p. 5). A magistrate judge ordered Mr. Johnson detained temporarily until ICE could pick him up within forty-eight hours to "clarify and determine" his "legal status." (Doc. 29, p. 5). Mr. Johnson states that this "procedur[al] status determination" did not take place, and he then pleaded guilty, "mooting the whole issue of bail." (Doc. 29, p. 5).

In August 2011, before completing his sentence, a federal grand jury charged Mr. Johnson with wire fraud; Mr. Johnson pleaded guilty in April 2013. (Doc. 29, p. 5). Again, ICE officials visited Mr. Johnson. (Doc. 29, p. 5). Mr. Johnson maintained that he was a United States citizen. (Doc. 29, p. 5). The government maintained that Mr. Johnson was not a United States citizen or national. (Doc. 29, pp. 5-6).

Mr. Johnson filed a habeas petition in August 2012 in which he argued "misconduct of the prosecutor . . . , Bureau of Diplomatic Security Services ("DSS") agent who ordered the lodging of the detainer . . . [that] deprived and violates him of his rights fundamental due process in accordance with the Privacy Act for validity accurate records binding on law and regulations pertinent authority." (Doc. 29, p. 6).[2] According to Mr. Johnson, the magistrate judge presiding over the August 2012 petition issued a report and recommendation on May 23, 2013. (Doc. 29, p. 6).

Next, in a section of his objections titled "Applicable Law and Argument," Mr. Johnson objects to the magistrate judge's conclusion that the Court lacks jurisdiction over Mr. Johnson's current petition. Specifically, Mr. Johnson asserts

---

[2] In his objections, Mr. Johnson refers to his August 2012 habeas petition as "the present case." (Doc. 29, p. 6). The habeas petition presently before the Court is not the same habeas petition that Mr. Johnson filed in 2012, but a new, separate petition that he filed in 2017.

5

that the magistrate judge "crucially misconstrued" his petition, as his petition "should be construe[d] and rested on sole and exclusive plausibility grounds for Damages Violates of Adverse Effect Inaccurate Records Determination Prejudice under Privacy Act, Fifth and Fourth Amendment Fundamental Constitutional erroneous flagrant disregard Procedural Default determination errors." (Doc. 29, pp. 9-10). Mr. Johnson also contends that he brought this action under the Privacy Act, 5 U.S.C. § 552a, and he argues that a ruling in his favor on his Privacy Act claim would directly impact the duration of his confinement. (Doc. 29, p. 10).

As indicated throughout this litigation, Mr. Johnson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). At multiple times throughout the litigation, Mr. Johnson was informed of the nature of this action. Regardless of how Mr. Johnson characterizes his claim, the substance of his claim is that he thinks the process of determining his citizenship was unlawful and that the determination is incorrect. (*See generally* Doc. 29). As explained in the magistrate judge's report, in the context of a petition for a writ of habeas corpus, a petitioner may not challenge his removability based on alleged United States citizenship. (Doc. 28, p. 3 (citing REAL ID Act of 2005, 8 U.S.C. § 1252(b)(5)). Instead, all challenges to removal orders must be heard in the court of appeals. 8 U.S.C. §1252(b)(5); *see Bonhometre v. Gonzales*, 414 F.3d 442, 446 (3d Cir. 2005)

(citing H.R. Conf. Rep. No. 109-72 at 174 (2005)). To this end, it appears that, on July 18, 2018, the United States Court of Appeals for the Ninth Circuit denied Mr. Johnson's request to reopen the Board of Immigration Appeals' order denying his claim of United States citizenship; a case wherein he made similar allegations regarding the determination of his citizenship. *See Johnson v. Sessions*, No. 17-71005 (9th Cir.). On August 14, 2018, the Ninth Circuit issued a formal mandate stating that the judgment of July 18, 2018, was to take effect the same day and that the temporary stay of removal was lifted.[3]

Although Mr. Johnson continues to argue the merits of his case for many pages (Doc. 29, pp. 10-39), he does not overcome the magistrate judge's conclusion that this Court lacks jurisdiction based on the REAL ID Act and the decision of the Ninth Circuit.

Having considered the entire record, including the report and recommendation and Mr. Johnson's objections, the Court adopts the magistrate

---

[3] On November 28, 2018, the Magistrate Judge ordered the respondents to file a report regarding Mr. Johnson's custody status. (Doc. 49). On December 11, 2018, the respondents notified the Court that Mr. Johnson was currently in custody and that, on October 18, 2018, Johnson refused to board his removal flight from Miami, Florida to Nassau, Bahama's. (Doc. 51). The respondents stated that, "[b]ecause of his erratic behavior, the airline captain stated he did not want Mr. Johnson on the aircraft, and he was returned to detention." (Doc. 51).

judge's report and accepts his recommendation, except that the Court will dismiss this action without prejudice for lack of jurisdiction.

The Court will enter a separate final order.

**DONE** and **ORDERED** December 28, 2018.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE